Filed 7/8/26  Schwartz v. City of Compton CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

COREY SCHWARTZ,

    Plaintiff and Appellant,

v.

CITY OF COMPTON,

    Defendant and Respondent.

B347429

(Los Angeles County Super. Ct. No. 24CMCV01550)

---

    APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth L. Bradley, Judge.  Affirmed.

    Ferrone Law Group, Stefon L. Jackson and Derek Thompson for plaintiff and appellant.

    Liebert Cassidy Whitmore, Paul D. Knothe and Gabriella A. Kamran for defendant and respondent.

Plaintiff and appellant Corey Schwartz appeals from a judgment entered after the trial court sustained a demurrer by defendant and respondent City of Compton (the City) to his complaint for whistleblower retaliation (Labor Code, § 1102.5) and violation of the Firefighter Bill of Rights (Gov. Code, §§ 3254 & 3260; FBOR). The operative complaint alleged the City retaliated against him for his participation in protected union activities and reporting unsafe conditions with the Fire Department. Schwartz contends the trial court erred in holding the Public Employment Relations Board (PERB) has exclusive initial jurisdiction over the action. We conclude the trial court correctly determined it lacked subject matter jurisdiction and affirm.

## BACKGROUND

I. *Allegations in the First Amended Complaint*

Schwartz's first amended complaint (FAC) against the City purports to set forth causes of action for whistleblower retaliation and violation of the FBOR. He bases his two causes of action on the following allegations.

Schwartz is employed as a Fire Engineer for the City of Compton Fire Department. He is a member of a bargaining unit, the Compton Firefighters Association, IAFF Local 2216 (Union). Between approximately 2008 through 2016, Schwartz served on the Union's Board of Directors and as the Grievance Director. As a Grievance Director, Schwartz advocated for individual Union members when the City was allegedly denying members rights provided by the City's policies, procedures, or contracts with the Union. Schwartz was also on the Union's negotiation team from 2014 to 2022.

2

In or about 2022, Schwartz "and his Union prepared a Compton Fire Department, 'Stations Repairs & Renovations Inspections Reports' " and presented it to City Council members, the City Manager and the Fire Chief. "Among the complaints about working conditions, there were several instances where [Schwartz] through his Union complained about working conditions which included multiple instances of violations of California and Federal safety regulations."

After the City dismissed his and his Union's concerns, the Union decided to picket and Schwartz was "among the chief supporters and played a pivotal role in the planning and preparation for picketing."

In or about March 2023, "while advocating on behalf of his Union," Schwartz contacted City officials to complain about working conditions at the City Fire Department. The following month, the City issued Schwartz a Notice of Intent to Suspend Schwartz for two shifts without pay in relation to a traffic collision involving a Fire Department vehicle. In issuing this discipline, the City "retaliated or otherwise discriminated against [Schwartz] for his participation in protected union activities and reporting of unsafe conditions with the Fire Department."

II.  *Procedural History*

The City demurred to the FAC on the ground that PERB has exclusive jurisdiction over the action.[1]  It argued that the Meyers-Milias-Brown Act, Government Code section 3500 et seq.

---

[1]  The City also demurred to the second cause of action for violation of the FBOR on the ground that it failed to identify the statutory rights that Schwartz allegedly exercised and is therefore uncertain.

3

(MMBA) confers exclusive initial jurisdiction to PERB over activities arguably protected or prohibited by the MMBA, including retaliation for union activity.

Schwartz opposed the demurrer, arguing whistleblower claims are not within PERB's jurisdiction. He argued his Union membership is not the basis for his claims, but rather "is referenced solely to illustrate his long-standing history of successful service and deep engagement within [the City's] professional environment."

After a hearing, the trial court issued a ruling sustaining the City's demurrer without leave to amend. The court explained that "the conduct that forms the basis for [Schwartz's] civil claims is an arguably unfair labor practice under the MMBA subject to PERB's exclusive jurisdiction because the controversy presented to the state court appears to be a controversy which could have been, but was not, presented to the Labor Board." The court further stated that "[a]t a minimum, there is a substantial risk of interference with the unfair labor practice jurisdiction of the Board." Thus, the court concluded it did "not have jurisdiction over [Schwartz's] claims at this time, as [Schwartz] must first exhaust his administrative remedies under the MMBA."

The trial court dismissed the action and entered judgment in favor of the City. Schwartz timely appealed.

## DISCUSSION

We review an order sustaining a demurrer de novo. (*New Livable California v. Association of Bay Area Governments* (2020) 59 Cal.App.5th 709, 14.) In reviewing the operative complaint, we assume the truth of the facts alleged or reasonably inferred,

4

but we do not assume the truth of plaintiff's contentions, deductions, or conclusions of law.  (*Ibid.*)

Schwartz contends the trial court erred in holding PERB has exclusive initial jurisdiction over his action for retaliation based on union activity.  We disagree.

"In California, labor relations between most local public entities and their employees are governed by the [MMBA], which recognizes the right of public employees to bargain collectively with their employers over wages and other terms of employment."  (*City of San Jose v. Operating Engineers Local Union No. 3* (2010) 49 Cal.4th 597, 601 (*San Jose*).)  The MMBA provides "a reasonable method of resolving disputes regarding wages, hours, and other terms and conditions of employment between public employers and public employee organizations." (Gov. Code, § 3500, subd. (a).)  Of relevance here, the MMBA prohibits public agencies from interfering, intimidating, restraining, coercing or discriminating against public employees because of their exercise of their rights under Government Code section 3502. (Gov. Code, § 3506.)  Government Code section 3502 provides public employees "shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations."

"The administrative agency authorized to adjudicate unfair labor practice charges under the MMBA is [PERB]."  (*San Jose, supra*, 49 Cal.4th at p. 601.)  "PERB is an expert, quasi-judicial administrative agency."  (*City and County of San Francisco v. International Union of Operating Engineers, Local 39* (2007) 151 Cal.App.4th 938, 943 (*Local 39*).)  "Because 'PERB's primary function[ ] is to investigate and adjudicate charges of unfair labor

5

practices,' the agency has 'exclusive jurisdiction' over alleged violations of the MMBA." (*Palomar Health v. National Nurses United* (2023) 97 Cal.App.5th 1189, 1201 (*Palomar*).) Thus, " 'local public agencies and their employees must exhaust their administrative remedies under the MMBA by applying to PERB for relief before they can ask a court to intervene in a labor dispute.' " (*Id*. at p. 1202.)

In addition to alleged violations of the MMBA, PERB also has exclusive jurisdiction over claims which are premised on conduct that is " 'arguably protected or prohibited' " by the MMBA. (*Palomar, supra*, 97 Cal.App.5th at p. 1201.) Thus, in determining whether PERB has exclusive jurisdiction, we " 'consider the underlying conduct on which the suit is based rather than a superficial reading of the pleadings.' " (*Id*. at p. 1203.)

Here, the FAC alleges causes of action which are premised on conduct "arguably protected or prohibited" under the MMBA. Under the "Factual Allegations" heading, the FAC alleges that the City retaliated against Schwartz for "his participation in protected union activities and reporting of unsafe conditions with the Fire Department. Without [Schwartz's] engagement in protected union activities, and his reporting of safety violations, he would not have received such a harsh punishment." In support of the whistleblower retaliation claim, the FAC alleges the City "discriminated against and retaliated against [Schwartz] by suspending him without pay for two days" after Schwartz "reported serious violations of state and federal laws." And in support of the second cause of action, the FAC alleges: "[The City's] actions, as alleged herein, are violations of these statutory protections afforded to individuals such as [Schwartz]. In

6

engaging in the aforementioned activities, [Schwartz] engaged in activities protected by these statutes.  As a direct result of [Schwartz's] speech and his disclosures, the [City] took the aforementioned adverse actions against him."  Both causes of action incorporate by reference the preceding paragraphs describing the alleged retaliation for engaging in protected union activities.  The FAC does not include *any* allegations concerning activities unrelated to Schwartz's union participation.

Despite the clear language of the FAC, Schwartz argues his "union membership is referenced solely to illustrate his longstanding history of successful service and deep engagement within [the City's] professional environment" and his union status is "not the basis of [his] claims, but rather contextualizes the basis for the [City's] retaliation against [him]."  We are unpersuaded.

"While it is true the [plaintiff's] complaint does not mention the MMBA, '[a]t this stage in the proceedings, where the only question is PERB's jurisdiction, what matters is whether the underlying conduct on which the suit is based—however described in the complaint—may fall within PERB's exclusive jurisdiction.' " (*Local 39, supra*, 151 Cal.App.4th at p. 945.)  As explained, the underling conduct here potentially falls within PERB's exclusive jurisdiction.

Schwartz next argues PERB does not have jurisdiction over his action because PERB "does not enforce other independent statutory schemes," such as Labor Code section 1102.5.  This argument misses the point.  The question is whether the factual allegations underlying Schwartz's claims could arguably support

7

a claim under the MMBA, not whether PERB specifically enforces claims under Labor Code 1102.5.[2]

In *Palomar, supra*, 97 Cal.App.5th at p. 1204, the Court of Appeal reversed the trial court's order overruling the unions' demurrer because it found the conduct that formed the basis of the employer's "civil claims is an arguably unfair labor practice under the MMBA subject to PERB's exclusive jurisdiction." There, the employer filed a civil action alleging trespass against union organizers based on allegations that the organizers accessed the employer's premises to picket. (*Id.* at p. 1195.) The *Palomar* court concluded that the conduct at issue, i.e., the alleged trespass and leafletting at the employer's entrance, is arguably protected by labor law, and thus, within PERB's exclusive initial jurisdiction. (*Id.* at p. 1206.)

So too here. The alleged conduct underlying Schwartz's claims—retaliation by the City against him for engaging in union activity—is arguably a violation of the MMBA. That the conduct might also support claims under the Labor Code and other

---

[2] We reject Schwartz's unsupported contention that violations of safety regulations are outside the scope of representation governed by the MMBA, and therefore is not under the exclusive jurisdiction of PERB. PERB has repeatedly recognized that employees engage in protected activity under the MMBA when reporting safety concerns. (See e.g. *City & County of San Francisco* (2020) PERB Decision No. 2712-M at pp. 18–19 [a union officer's emails to her employer about health and safety concerns related to concrete drilling and dust exposure could constitute protected activity under the MMBA]; see also *San Mateo County Firefighters Local 2400 v. Menlo Park Fire Protection District* (2008) PERB Decision No. 1983-M, p. 6 [an employee engages in protected activity under the MMBA when he or she reports safety concerns to his or her employer].)

8

provisions of the Government Code does not divest PERB of its exclusive initial jurisdiction.

Moreover, none of the PERB decisions cited by Schwartz convince us that the superior court has jurisdiction. In *Lana Wilson-Combs v. State of California (Department of Consumer Affairs)* (2005) PERB Decision No. 1762-S, an employee filed a PERB charge alleging, among other claims, that her employer retaliated against her for alleged union activities in violation of the Ralph C. Dills Act (Gov. Code, § 3512, et seq.). PERB found the employee did not state a prima facie case of retaliation for protected activity under the Dills Act because she did not identify the dates or describe the nature of her union advocacy. (*Id.* at p. 4.) Because the employee could not show she engaged in conduct protected by the Dills Act, and PERB does not enforce Labor Code whistleblower statutes, PERB dismissed her charge. (*Id.* at pp. 9–10.)

In *Darrell J. Moore, Sr. v. Housing Authority of the City of Los Angeles* (2011) PERB Decision No. 2166-M, the charge alleged the employer violated the MMBA by refusing to allow the employee to return to work following a medical leave. After finding the retaliation charge was untimely filed under the MMBA, PERB dismissed the allegation. (*Id.* at p. 3.) PERB then acknowledged the employee also alleged a violation of "a variety of state and federal statutory schemes" including the Fair Employment and Housing Act and whistleblower protection laws, but concluded that PERB "lacks jurisdiction over each of these claims." (*Id.* at p. 4.)

These decisions merely confirm that PERB lacks jurisdiction to adjudicate retaliation claims unless the facts underlying those claims *also* arguably allege a violation of the

9

MMBA or the applicable public employment labor law.[3]  Nothing in the PERB decisions on which Schwartz relies supports his position that he was not required to first exhaust his administrative remedies under the MMBA before bringing his action in superior court.

Schwartz lastly argues that filing a charge with PERB would be futile because PERB is "not equipped to deal with interpretations of 'independent statutory schemes' such as Labor Code section 1102.5 and, therefore, Schwartz will be left with "inadequate remedies."  But PERB has jurisdiction to hear claims under the MMBA; thus, Schwartz has an effective remedy before PERB for retaliation for participation in protected union activities even if the same alleged conduct may support a claim for whistleblower retaliation under Labor Code section 1102.5.  If PERB ultimately concludes the allegations do not, in fact, state a prima facie case of retaliation under the MMBA, the complainant may then file a complaint in the superior court.  He must first, however, exhaust his administrative remedies.[4]

---

[3]  Schwartz also cites *California Correctional Peace Officers Association v. State of California* (2009) PERB Decision No. 2018-S for the same general proposition that PERB does not enforce other independent statutory schemes.

[4]  With respect to the second cause of action, the trial court concluded that "[a]lthough the complaint does not specify which protected right plaintiff alleges that Defendant violated it is clear that plaintiff's second cause of action derives from the same underlying conduct as the first cause of action."  Thus, PERB has exclusive jurisdiction over both claims. Schwartz does not dispute this finding on appeal.  We therefore need not address the trial court's alternative ground for sustaining the demurrer to the second cause of action (i.e., that the cause of action is uncertain).

Accordingly, we conclude the trial court correctly determined it lacked jurisdiction because Schwartz must "first exhaust his administrative remedies under the MMBA." And because Schwartz has not met his burden of showing the defects in the FAC can be cured by amendment, the trial court did not abuse its discretion by sustaining the demurrer without leave to amend. (See *McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1206 [it is an abuse of discretion to sustain a demurrer without leave to amend only if the plaintiff shows there is a reasonable possibility any defect in the complaint can be cured by amendment].)

## DISPOSITION

The judgment is affirmed. Respondent City of Compton is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

MORI, J.

11